**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| TERRELL MONTIEL MADISON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 326-018 |
| | * | |
| TYRONE OLIVER, WARDEN KOCHELLE WATSON, and DEPUTY WARDEN OF SECURITY WILLIE CARR, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Plaintiff, incarcerated at Baldwin State Prison in Milledgeville, Georgia, filed this case pursuant to 42 U.S.C. § 1983 relating to claims occurring at Johnson State Prison in Wrightsville, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING THE COMPLAINT

### A. Background

Plaintiff names as defendants Commissioner Tyrone Oliver, Warden Kochelle Watson, and Deputy Warden of Security Willie Carr.

(Doc. No. 1 at 3.) He claims on September 2, 2025, between 9:56am and 10:25 am, in lock-down, he spoke in a professional manner to Defendant Carr about an "institutional situation." (Id.) While he was speaking, Defendant Carr started using profanity and sprayed Plaintiff with Defendant's tool three different times. (Id.) Plaintiff pled with Defendant Carr, stating he did not want to be sprayed anymore. (Id.) After the spraying incident, Defendant Carr did not take Plaintiff to medical. (Id. at 13.) Instead, Plaintiff received medical care two weeks later, after filing a grievance. (Id.) Plaintiff seeks nominal damages of $17,999 against the Defendants and punitive damages of $69,999 against Defendant Carr. (Id.)

Plaintiff filed a grievance that officials forwarded to the Georgia Department of Corrections Criminal Investigations Division. Because officials referred the grievance to this division, they closed the grievance on all levels including any appeal. (Id. at 11.)

**B. Discussion**

**1. Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either

in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is

entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**2. Excessive Force**

It is well-settled that "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (internal quotation marks, alteration, and citation omitted); see also Sears v. Roberts, 922 F.3d 1199, 1205 (11th Cir. 2019). "In considering an Eighth Amendment excessive force claim, [the court] must consider both a subjective and objective component: (1) whether the officials acted with a sufficiently culpable state of mind, and (2) if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Johnson v. Moody, 206 F. App'x 880, 883 (11th Cir. 2006) (internal quotation marks, alterations, and citation omitted). Plaintiff asserts Defendant Carr used profanity against him and sprayed him multiple times while

he pleaded with Defendant Carr to stop. Plaintiff also claims he still required medical treatment nearly two weeks later. (Doc. No. 1 at 13.) Given the Court's obligation to draw inferences in Plaintiff's favor and the liberal construction afforded to *pro se* pleadings, his excessive force claim is sufficient to be served upon Defendant Carr.

However, the same is not applicable to the remaining Defendants. It is well-established that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.' " Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994)). Instead, supervisory liability under § 1983 arises when "the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Figures v. Gordon, 2023 WL 352707, at *2 (11th Cir. 2023) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010)).

A causal connection can be shown in three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," (2) "when a supervisor's custom or policy results in

deliberate indifference to constitutional rights," or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone, 326 F.3d at 1360 (internal quotation marks omitted) (citations omitted). A "policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Goebert v. Lee County, 510 F.3d 1312, 1332 (11th Cir. 2007) (quoting Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997)). "A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). "Demonstrating a policy or custom requires 'show[ing] a persistent and wide-spread practice.' " Id. (quoting Depew v. City of St. Mary's, 787 F.2d 1496, 1499 (11th Cir. 1986)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley, 193 F.3d at 1269 (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Moreover, "[a] plaintiff can only allege the existence of a policy or custom by 'point[ing] to multiple incidents or multiple reports of prior misconduct by a particular employee.' " Henley v. Payne, 945 F.3d 1320, 1331 (11th Cir. 2019)

(alteration in original) (quoting Piazza v. Jefferson Cnty., 923 F.3d 947, 957 (11th Cir. 2019)). This is an "extremely rigorous" standard. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009) (quoting Braddy v. Fla. Dep't of Labor & Emp. Sec., 133 F.3d 797, 802 (11th Cir. 1998)).

Plaintiff does not allege Defendants Oliver or Watson personally participated in the alleged use-of-force incident or even knew it occurred at all. Likewise, Plaintiff does not allege there is a causal connection between the actions of Defendants Oliver and Watson and the constitutional violation. As a result, any claims against Defendants Oliver and Watson for excessive force are **DISMISSED**.

### 3. Violation of Internal Policies

Plaintiff alleges that Defendants violated various Standard Operating Procedures ("SOPs") when Defendant Carr sprayed him. (Doc. No. 1 at 10.) To the extent those allegations suggest that a violation of internal prison or state administrative policies or procedures states an independent claim, they do not. Violations of internal or administrative polices do not violate due process rights or any other constitutional right. See, e.g., Malone v. Bailey, 2020 WL 8172706, at *2 (S.D. Ga. Dec. 22, 2020) ("[A]n allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted." (internal quotation marks and

citation omitted)); Cook-Bey v. Jackson, 2019 WL 3213718, at *6 (M.D. Ala. June 12, 2019) ("Infringements of agency rules, regulations, policies or procedures do not, without more, amount to constitutional violations," and collecting cases). To the extent Plaintiff asserts any claim arising from such violations, it is **DISMISSED**.

**4. Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress, Plaintiff must show: (1) the conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the resulting emotional distress is severe. Thornton v. Jackson, 998 F. Supp. 2d 1365, 1382 (N.D. Ga. 2014); Northside Hosp., Inc. v. Ruotanen, 541 S.E.2d 66, 68-69 (Ga. Ct. App. 2000). To recover, the extreme or outrageous conduct must be directed towards the distressed party, or otherwise, the claim would be for defamation. See Carter v. Willowrun Condo. Ass'n, Inc., 345 S.E.2d 924, 926-27 (Ga. Ct. App. 1986) (finding no intentional infliction of emotional distress claim for renter where letter directed to lessor was about renters but not sent to them). Assuming without deciding Plaintiff proffers sufficient evidence to show that the conduct was intentionally reckless, nevertheless his allegations do not support a claim of severe emotional distress. As a result, this claim is **DISMISSED**.

**5. Cited Georgia Statutes**

Plaintiff also attempts to bring claims pursuant to O.C.G.A. § 16-10-1 (Violation of Oath by Public Officer), O.C.G.A. § 42-5-2 (Necessities of Prisoners), O.C.G.A. § 42-5-31 (Oath of Office), O.C.G.A. § 42-5-58 (Punishment of Inmates), and O.C.G.A. § 45-3-1 (Oaths Required in Addition to Oath of Office). However, O.C.G.A. § 16-10-1 is a criminal statute subject to prosecution only by the State of Georgia, and O.C.G.A. § 42-5-31 and § 45-3-1 merely list the various oaths of office certain officials make upon assumption of their office. The remaining statutes do not waive sovereign immunity or indicate that they establish a private right to sue. Accordingly, any claims based on these statutes are **DISMISSED**.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** service of process shall be effected on Defendant Carr. The United States Marshal shall mail a copy of the complaint (doc. no. 1), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if the defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint

until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant Carr to effect service.

Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). There is no longer any need for a *pro se* Plaintiff to serve copies of court filings on other parties to the case because the Clerk of Court uploads the original filing to the case docket and all represented parties receive electronic notice of the filing and an electronic copy of the filing. For all case-related documents not filed with the Court, such as discovery requests and responses, a *pro se* Plaintiff must continue to serve copies on all parties by U.S. Mail and attach a certificate of service. See Fed. R. Civ. P. 5; Loc. R. 5.1. Likewise, a *pro se* Plaintiff must serve any *pro se* Defendant by U.S. Mail and attach a certificate of service. Any paper received by a judge that has not been properly filed with the Clerk of Court or that fails to include a caption will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the Defendant. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear

and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the

Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney(s) for the Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve a response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the Defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in

a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the Defendant's affidavits will be accepted as true, and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

**While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.**

## III. CONCLUSION

For the reasons set forth above, all claims against Defendants Oliver and Watson are **DISMISSED**. Plaintiff's claims against Defendant Carr for intentional infliction of emotional distress; violations of the SOPs; and O.C.G.A. § 16-10-1, O.C.G.A. § 42-5-2, O.C.G.A. § 42-5-31, O.C.G.A. § 42-5-58, and O.C.G.A. § 45-3-1

are also **DISMISSED**. Plaintiff's claim against Defendant Carr for excessive force shall proceed and is approved for service.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of August, 2026.

UNITED STATES DISTRICT JUDGE