Filed
Clerk of Court
United States District Court
By Morgan Akins
On: 11/23/2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| TERRELL MONTIEL MADISON,<br><br>Plaintiff,<br><br>v.<br><br>WILLIE CARR, Deputy Warden of Security,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CV 326-018 |

**O R D E R**

When Plaintiff Terrell Montiel Madison filed this lawsuit on March 26, 2026, he was incarcerated at Phillips State Prison in Buford, Georgia. Plaintiff's claims under 42 U.S.C. § 1983 relate to events that took place at Johnson State Prison in Wrightsville, Georgia, in September 2025. Plaintiff, who is proceeding *pro se*, was granted *in forma pauperis* ("IFP") status on April 10, 2026.

On November 10, 2026, Plaintiff notified the Court that he has been released from prison. Typically, the Court would revoke the IFP status of a plaintiff upon release from incarceration and require resubmission of a new motion to proceed IFP. However, the Court must address Defendant Willie Carr's motion to dismiss fist.

On October 26, 2026, Defendant Carr moved to dismiss the case based upon his belief that Plaintiff has three strikes against him

under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), which would disallow IFP status unless he was under imminent danger of serious physical injury.[1] (Def.'s Mot. to Dismiss, Doc. No. 29, at 2.) Defendant Carr also contends that the case should be dismissed because Plaintiff did not fully disclose his litigation history when filing the complaint. (Id. at 3-5.)

The three strikes provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. ---, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). Defendant Carr argues that the following three cases were dismissed

[1] Specifically, the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § Section 1915(g).

for failure to state a claim and thus should count as strikes: (1) Madison v. Greene, *et al.*, 5:25-CV-357 (M.D. Ga. Aug. 25, 2025); (2) Madison v. Bell, 7:23-CV-045 (M.D. Ga. Apr. 6, 2023); and (3) Madison v. Greene, 5:25-CV-116 (M.D. Ga. Mar. 24, 2025). Defendant Carr correctly states that these cases were dismissed for failure to state a claim, but the first listed case - Madison v. Greene, *et al.* - was still pending when Plaintiff filed his complaint. It therefore cannot be counted as a strike against Plaintiff. See Daker v. Bryson, 784 F. App'x 690, 692 (11th Cir. 2019) (counting three prior cases as strikes because they had become final before the complaint was filed). For this reason, Plaintiff was not a "three-striker" at the time his complaint was filed and is therefore not barred from proceeding IFP under the PLRA.

The Court's review of Plaintiff's filing history presents another problem for him though. Because of the three strike provision, the form "Complaint for Violation of Civil Rights (Prisoner)" requires that prisoner plaintiffs disclose (1) whether they have had a prior case dismissed based on the "three strikes rule"; (2) whether they have filed other lawsuits in state or federal court dealing with the same facts involved in the current action; and (3) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment. For any affirmative response, Plaintiff is asked to describe each lawsuit and the disposition of the lawsuit.

When Plaintiff filed his complaint in this case, he listed the following previous lawsuits: (1) Madison v. Berry, 5:25-CV-363 (M.D. Ga. Aug. 26, 2025); (2) Madison v. Dillhunt, *et al.*, 5:20-CV-189 (M.D. Ga. May 18, 2020); and (3) Madison v. Bell, 7:23-CV-045 (M.D. Ga. Apr. 6, 2023). (See Doc. No. 1, at 16-19.) Plaintiff, however, failed to list the following previous lawsuits: (1) Madison v. Greene, *et al.*, 5:25-CV-357 (M.D. Ga. Aug. 25, 2025); (2) Madison v. Greene, 5:25-CV-116 (M.D. Ga. Mar. 24, 2025); (3) Madison v. Berry, 5:24-CV-014 (M.D. Ga. Jan. 9, 2024).

Failure to provide an accurate litigation history subjects a complaint to dismissal. See McNair v. Johnson, 143 F.4th 1301, 1308 (11th Cir. 2025) (affirming dismissal without prejudice of inmate complaint for failure to fully list all prior federal litigation based on the court's inherit authority to control its docket), cert. denied, 146 S. Ct. 2622 (U.S. May 4, 2026). Indeed, the Middle District of Georgia explained to this very Plaintiff the importance of providing a full litigation history:

> A prisoner's failure to disclose a full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). . . . Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. . . . [I]f *pro se* plaintiffs suffered no substantial penalty for providing false or misleading

> information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made.

Madison v. Greene, 5:25-CV-116, Order of May 22, 2025, Doc. No. 12, at 14-15 (quoted source omitted).

"[P]ursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), adopted by 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, 2011 WL 2462017 (S.D. Ga. May 16, 2011), adopted by 2011 WL 2461958 (S.D. Ga. June 17, 2011). Plaintiff's failure to disclose half of his prior cases was a dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[2]

---

[2] Plaintiff's claims concern events alleged to have occurred in September 2025. Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so. See Kline v. Warden, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (affirming dismissal

Upon the foregoing, the Court **DISMISSES** without prejudice Plaintiff's complaint for his failure to disclose a full litigation history. The Clerk is instructed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of November, 2026.

UNITED STATES DISTRICT JUDGE

without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims). However, because Plaintiff is now subject to the three-strikes provision of the PLRA, he must pay the full fee in filing a new lawsuit to pursue the claims of this case.